UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| In re: | } | Case Nos.: |
|---|---|---|
| | } | |
| CORNELIA N. KERLEY and | } | |
| TIMOTHY W. KERLEY; | } | 09-43154-JJR11 |
| | } | |
| DEBORAH DAVIS; | } | 09-43596-JJR11 |
| | } | |
| MARVIN EARL WESSON, JR.; and | } | 10-40195-JJR11 |
| | } | |
| TONY L. MOORE and | } | |
| KIMBERLY MOORE; | } | 10-40251-JJR11 |
| | | |
| Debtors. | | CHAPTER 11 |

## OPINION

These cases came before the Court on October 12, 2011 for hearings on each Debtor's Motion for Entry of a Final Decree and Order Closing the Case, as well as their alternative requests for an Order Administratively Closing the Case. The Court has denied motions by the Debtors in each case for entry of an early discharge order[1] pursuant to Section 1141(d)(5)(B) of the Bankruptcy Code,[2] but allowed the parties one week to submit further authorities on the issue of "administratively closing" the cases, after which time the matter was taken under advisement in each case. In each of the cases before the Court, the individual chapter 11 debtors have confirmed chapter 11 reorganization plans, which contemplate payments to creditors over time from post-

---

[1] Separate orders denying the early discharge requests have been entered in the Kerley, Davis, and Wesson cases. In the Moore case, the request for early discharge will be denied in the order that will be entered in conformity with this opinion.

[2] Unless otherwise indicated, references to the "Bankruptcy Code" or "Code" are to the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, and references to a "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure.

confirmation earnings of the Debtors.  The question now before the Court in each case is whether, in the absence of an order discharging these individual chapter 11 Debtors, the cases can nonetheless be "administratively closed" for the purpose of avoiding the payment of quarterly fees to the Bankruptcy Administrator, as well as avoiding further monthly operating reports.  For the reasons that follow, the Motions will be denied.

Jurisdiction:

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the General Order of Reference, as amended, entered by the United States District Court for the Northern District of Alabama.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); therefore, the Court has authority to enter a final order.

Conclusions of Law:

Bankruptcy Code § 350(a) provides: "After an estate is fully administered and the court has discharged the trustee, the court shall close the case."  Bankruptcy Rule 3022 guides the Court's application of § 350(a) in chapter 11 cases, and that Rule provides: "After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."  The 1991 Advisory Committee Note to Bankruptcy Rule 3022 provides that entry of the final decree and case closing order should not be delayed solely because all plan payments have not been completed, and lists six factors for courts to consider in determining whether an estate has been "fully administered":

> (1) [W]hether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and

2

adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022, Advisory Committee Note (1991), cited in *In re Belcher*, 410 B.R. 206, 214 (Bankr. W.D. Va.. 2009).

Many changes have taken place in the individual chapter 11 debtor landscape since the Committee's guidance in 1991. The most significant of these changes as they apply to individual chapter 11 debtors include:

> (1)[P]roperty of the estate is now defined in 11 U.S.C. § 1115 to include the post-petition earnings of a debtor; (2) the debtor is explicitly allowed by § 1123(a)(8) to fund a plan from the debtor's post-petition earnings; (3) the holder of an unsecured claim now has the right under § 1127(e) to seek modification of a confirmed plan; (4) the debtor is subject to the best efforts test in §1129(a)(15); and (5) pursuant to § 1141(d)(5), no discharge may be entered until all payments have been made under the plan.

*In re Ball*, 2008 WL 2223865 (Bankr. N.D.W. Va. 2008).[3] In addition, 1996 amendments to 28 U.S.C. § 1930(a)(6) extended the assessment of quarterly fees to post-confirmation chapter 11 debtors, in an effort to increase revenue. *In re Gould*, 437 B.R. 34, 39 (Bankr. D. Conn. 2010) (*citing Schwartz v. Aquatic Dev. Grp., Inc. (In re Aquatic Dev. Grp., Inc.)*, 352 F.3d 671, 674 n. 2 (2d Cir. 2003)). Finally, the Court is mindful that Code § 362(c)(2)(A) provides that the automatic stay terminates upon the closing of a case prior to entry of discharge, that Bankruptcy Rule 4006 provides that a notice shall issue to all parties in interest in the event an individual debtor's case is closed without entry of the discharge, and that the tolling provisions of Code §

---

[3] "These changes mean that individual Chapter 11 cases are now more akin to the administration of cases under Chapter 13 than to the Chapter 11 reorganization of non-individual debtors. Of course, Chapter 13 cases are not closed until after all plan payments have been made and a discharge is entered. As stated by one commentator, these changes 'call into question whether closing individual chapter 11 cases "sooner rather than later" is intended post-BAPCPA.'" *Ball*, 2008 WL 2223865 at * 3, quoting Robert J. Landry III, *Individual Chapter 11 Cases After BAPCPA: Can You Still Close the Case Early?* 25-6 A.B.I.J. 10,10 (Aug. 2006).

3

108(c) end 30 days after notice of the termination of the automatic stay. Each of these provisions has a cause-and-effect relationship with the entry of an order closing the case.

The Debtors, as well as the Bankruptcy Administrator, have argued for the "administrative closing" of the instant cases--notwithstanding the apparent conflict between such a procedure and the above-cited Bankruptcy Code and Rule provisions-- as a means of reducing the burden on the Debtors post-confirmation by eliminating the obligation to pay quarterly fees required by 28 U.S.C. § 1930(a), and also presumably the requirement to file operating reports. Under the "administrative closing" theory, a reduction in the expense to the Debtors could increase the likelihood of success of the plans by increasing the amount of disposable income available to fund the plan payments and potentially increasing, or at least hastening, the payout to creditors. Counsel for the Debtors have also pointed out that although "administrative closing" is not a concept set out anywhere in the Code and Bankruptcy Rules, it has been embraced by some courts as an expeditious means of circumventing the problematic issue of when a case is "fully administered" for purposes of closing an individual chapter 11 debtor's case prior to the entry of discharge in an effort to boost the Debtor's cash flow by avoiding quarterly fees.[4]

While sympathetic with the Debtors regarding the expense of chapter 11 cases, it is up to Congress, and not this Court, to fashion the rules regarding what fees are due and when those

---

[4] *See, e.g.*, *In re Mendez*, 2011 WL 4459093, at *3-4 (Bankr. D. Mass. 2011) (noting conflicting and misleading provisions and fashioning a remedy to allow administrative closing prior to discharge pursuant to Code § 105 to avoid the operation of those provisions (citing the United States Bankruptcy Court for the Middle District of Florida, Tampa and Jacksonville Divisions' local forms)); *In re Necaise*, 443 B.R. 483 (Bankr. S.D. Miss. 2010) (rejecting early discharge but allowing administrative closing); and *In re Johnson*, 402 B.R. 851 (Bankr. N.D. Ind. 2009) (permitting case closing prior to discharge).

fees may be waived. As the court in *Ball* cautions, feasibility may indeed be impacted by the imposition of quarterly fees, and the appropriate time to address that issue is in the plan and disclosure statement. *Ball*, 2008 WL 2223865 at *4 n. 1. If the fees become insurmountable, the Debtors may move to modify the confirmed plan. *See, e.g.*, *Belcher*, 410 B.R. at 219.

The Court is also concerned with the practical implications of administrative closing upon the rights of parties in interest. The current fee for reopening a chapter 11 case is $1,000 pursuant to the Appendix to 28 U.S.C. § 1930. While it may be a net benefit to the Debtors to forego the quarterly fees and pay the reopening fee to later move for entry of discharge, the Court cannot ignore the likely chilling effect the reopening fee, and the other real costs of reopening the case such as attorney fees, would have upon parties in interest who might otherwise move in this Court to exercise the rights granted them by the above mentioned Bankruptcy Code sections, including moving for modification of the confirmed plan or dismissal upon default. The Court is aware that other courts have entered orders administratively closing such cases while providing in the orders that a list of other statutory provisions shall be excepted from the effect of the case-closing order (such as the automatic stay termination provision of Code § 362(c)(2)(A), the reopening fee requirement, and the notice to creditors of the closing of the case without entry of the discharge). This Court finds, under the circumstances of the cases currently before it, that such steps are not justified in an attempt to achieve a result that would be inconsistent with the chapter 11 framework of the Bankruptcy Code as it currently exists. As the court in *Belcher* explained, such a practice, at least under these facts, is "not appropriate to the new post-BAPCPA world of chapter 11 plans funded by post-confirmation earnings by individual debtors." 410 B.R. at 219.

Separate Orders that conform with this Opinion will be entered in each of these cases.

Dated:  November 4, 2011

/s/ James J. Robinson
JAMES J. ROBINSON
United States Bankruptcy Judge